# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RICHARD DUSTERHOFT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONETOUCHPOINT, INC.,<br><br>Defendant. | Case No.: 2:22-cv-00882 |
| THOMAS LUCA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONETOUCHPOINT, INC.,<br><br>Defendant. | Case No.: 2:22-cv-00912 |
| ROBIN GUERTIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONETOUCHPOINT MIDWEST CORP.,<br><br>Defendant. | Case No.: 2:22-cv-00899 |
| MICHAEL MEEKS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONETOUCHPOINT, INC.,<br><br>Defendant. | Case No. 2:22-cv-00910 |

1

| | |
|---|---|
| SHIRA HAID, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ONETOUCHPOINT CORP.,<br><br>    Defendant. | Case No. 2:22-cv-00946 |
| VERA HAYS, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ONETOUCHPOINT, INC.,<br><br>    Defendant. | Case No. 2:22-cv-00977 |
| CYNTHIA SAFFO and TINA INGRAM, on behalf of herself and her minor child, H.I., as individuals and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ONETOUCHPOINT, INC.,<br><br>    Defendant. | Case No. 2:22-cv-00997 |
| ARIA NARDI, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ONETOUCHPOINT, INC.,<br><br>    Defendant. | Case No. 2:22-cv-00998 |

| | |
|---|---|
| JEFFREY NEIL YOUNG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONETOUCHPOINT, INC.,<br><br>Defendant. | Case No. 2:22-cv-01029 |
| DONNA GEAR, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONETOUCHPOINT, INC.,<br><br>Defendant. | Case No. 2:22-cv-01038 |
| RICHARD KREFTING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONETOUCHPOINT, INC.,<br><br>Defendant. | Case No. 2:22-cv-01052 |
| CRYSTAL LAMB, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONETOUCHPOINT CORP.,<br><br>Defendant. | Case No. 2:22-cv- 01091 |

# PLAINTIFF RICHARD DUSTERHOFT'S MOTION FOR CONSOLIDATION OF TWELVE ACTIONS PURSUANT TO FED. R. CIV. P. 42(a)(2), AND OPENING BRIEF IN SUPPORT

Plaintiff Richard Dusterhoft ("Plaintiff" or "Plaintiff Dusterhoft") moves under Fed. R. Civ. P. 42(a)(2) for consolidation of this action, *Dusterhoft v. OneTouchPoint, Inc.*, 2:22-CV-00882 (E.D. Wis.), with *Luca v. OneTouchPoint, Inc.*, 2:22-CV-00912 (E.D. Wis.); *Guertin v. OneTouchPoint Midwest Corp.*, 2:22-CV-00899 (E.D. Wis.); *Meeks v. OneTouchPoint, Inc.*, 2:22-CV-00910 (E.D. Wis.); *Haid v. OneTouchPoint Corp.*, 2:22-cv-00946-BHL (E.D. Wis.); *Hays v. OneTouchPoint, Inc.*, 2:22-cv-00977 (E.D. Wis.); *Saffo et al. v. OneTouchPoint, Inc.*, 2:22-cv-00997 (E.D. Wis.); *Nardi v. OneTouchPoint, Inc.*, 2:22-cv-00998 (E.D. Wis.); *Young v. OneTouchPoint, Inc.*, 2:22-cv-01029 (E.D. Wis.); *Gear v. OneTouchPoint, Inc.*, 2:22-cv-01038 (E.D. Wis.); *Krefting v. OneTouchPoint, Inc.*, 2:22-cv-01052 (E.D. Wis.); and *Lamb v. OneTouchPoint Corp.*, 2:22-cv-01091-BHL (E.D. Wis.) (collectively, the "Actions"), along with any future-filed actions in this District arising out of the same facts. For the reasons presented below, Plaintiff Dusterhoft respectfully requests that the Court grant this motion.

## STATEMENT OF FACTS

Plaintiff Dusterhoft filed his class action complaint in this Court against Defendant OneTouchPoint, Inc. ("OTP") on August 3, 2022 (ECF No. 1). The complaint alleges that Plaintiff's personally identifiable information was accessed by and/or exposed to unauthorized third parties during a data breach of OTP's system that occurred on or around April 28, 2022. Compl. ¶¶ 3, 58–69. Alleging that OTP's data security practices were inadequate, Plaintiff brought claims against OTP for negligence, negligence per se, unjust enrichment, invasion of privacy, breach of confidentiality of health records, violation of the Wisconsin Deceptive Trade Practices Act, and violation of the Minnesota Health Records Act. *Dusterhoft* Compl. ¶¶ 90–188.

On August 8, 2022, the *Guertin* action was brought against OneTouchPoint Midwest Corp. and arises out of the same unauthorized access on or around April 28, 2022. Compl. ¶¶ 2, 18–20, *Guertin*, 2:22-CV-00899 (ECF No. 1). The plaintiff in *Guertin* brings claims against OTP for negligence, negligence per se, invasion of privacy, and for declaratory and injunctive relief. *Guertin* Compl. ¶¶ 54–91.

On August 9, 2022, the *Luca* action was brought against OTP and arises out of the same unauthorized access on or around April 28, 2022. Compl. ¶¶ 6, 39–43, *Luca*, 2:22-CV-00912 (ECF No. 1). The plaintiff in *Luca* brought claims against OTP for negligence, negligence per se, breach of fiduciary duty/breach of duty of confidentiality, and for declaratory judgment. Compl. ¶¶ 61–100.

Also on August 9, 2022, the *Meeks* action was brought against OTP, and arises out of the same unauthorized access on or around April 28, 2022. Compl. ¶¶ 1–3, 25–33, *Meeks*, 2:22-CV-00910 (ECF No. 1). The plaintiff in *Meeks* brings claims against OTP for negligence, breach of implied contract, unjust enrichment, and invasion of privacy. *Meeks* Compl. ¶¶ 123–174.

On August 17, 2022, the *Haid* action was filed against OneTouchPoint Corp., arising out of the same unauthorized access on or around April 28, 2022. Compl. ¶¶ 1–3, *Haid*, 2:22-cv-00946 (ECF No. 1). The plaintiff in *Haid* brings claims against OTP for negligence, negligence per se, breach of fiduciary duty, and unjust enrichment. *Haid* Compl. ¶¶ 64–92.

On August 25, 2022, the *Hays* action was filed against OTP, arising out of the same unauthorized access on or around April 28, 2022. Compl. ¶¶ 1–3, *Hays*, 2:22-cv-00977 (ECF No. 1). The plaintiff in *Hays* brings claims against OTP for negligence, negligence per se, unjust enrichment, invasion of privacy, breach of confidentiality of health records (Wis. Stat. § 146.81

*et seq.*), and violation of the Wisconsin Deceptive Trade Practices Act (Wis. Stat. § 100.18 *et seq.*). *Hays* Compl. ¶¶ 89–177.

On August 29, 2022, the *Saffo* action was filed against OTP, arising out of the same unauthorized access on or around April 28, 2022. Compl. ¶¶ 1–2, *Saffo*, 2:22-cv-00997 (ECF No. 1). The plaintiffs in *Saffo* bring claims against OTP for negligence, negligence per se, invasion of privacy, unjust enrichment, and breach of confidentiality of health records (Wis. Stat. § 146.81 *et seq.*). *Saffo* Compl. ¶¶ 135–201.

On August 30, 2022, the *Nardi* action was filed against OTP, arising out of the same unauthorized access on or around April 28, 2022. Compl. ¶¶ 1–3, *Nardi*, 2:22-cv-00998 (ECF No. 1). The plaintiff in *Nardi* brings claims against OTP for negligence, breach of contract (third-party beneficiary theory), breach of implied contract, breach of fiduciary duty, violation of Wisconsin's notice of unauthorized acquisition of personal information statute (Wis. Stat. § 134.98 *et seq.*), violation of the Wisconsin Deceptive Trade Practices Act (Wis. Stat. § 100.18 *et seq.*), and a claim for declaratory relief. *Nardi* Compl. ¶¶ 130–214.

On September 7, 2022, the *Young* action was filed against OTP, arising out of the same unauthorized access on or around April 28, 2022. Compl. ¶¶ 1–7, *Young*, 2:22-cv-01029 (ECF No. 1). The plaintiff in *Young* brings claims against OTP for negligence, negligence per se, breach of fiduciary duty / breach of confidentiality, a claim for declaratory judgment, violation of the Maine Unfair Trade Practices Act (5 Me. Rev. Stat. §§ 205, 213, *et seq.*), and violation of the Maine Uniform Deceptive Trade Practices Act (10 Me. Rev. Stat. §§ 1212 *et seq.*). *Young* Compl. ¶¶ 73–135.

On September 9, 2022, the *Gear* action was filed against OTP, arising out of the same unauthorized access on or around April 28, 2022. Compl. ¶¶ 1–2, *Gear*, 2:22-cv-01038 (ECF No.

1). The plaintiff in *Gear* brings claims against OTP for negligence, negligence per se, invasion of privacy, breach of confidence, breach of implied contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment. *Gear* Compl. ¶¶ 92–173.

On September 12, 2022, the *Krefting* action was filed against OTP, arising out of the same unauthorized access on or around April 28, 2022. Compl. ¶¶ 1–4, *Krefting*, 2:22-cv-01052 (ECF No. 1). The plaintiff in *Krefting* brings claims against OTP for negligence, unjust enrichment, breach of implied contract, violation of the Wisconsin Deceptive Trade Practices Act (Wis. Stat. § 100.18 *et seq.*), and claims for injunctive and declaratory relief. *Krefting* Compl. ¶¶ 82–140.

On September 21, 2022, the *Lamb* action was filed against OTP, arising out of the same unauthorized access on or around April 28, 2022. Compl. ¶¶ 1–4, *Lamb*, 2:22-cv-01091 (ECF No. 1). The plaintiff in *Lamb* brings claims against OTP for negligence, negligence per se, breach of express contract, breach of implied contract, and unjust enrichment, and claims for injunctive and declaratory relief. *Lamb* Compl. ¶¶ 48–82.

The plaintiffs in the Actions brought their claims as potential class actions and seek to represent proposed Nationwide classes. Although the wording of the proposed classes varies somewhat, all of the complaints propose certification of an essentially identical class of all individuals or residents in the United States whose personal information was compromised or potentially compromised in the data breach OTP disclosed in late July 2022. *Dusterhoft* Compl. ¶ 74; *Guertin* Compl. ¶ 50; *Luca* Compl. ¶ 52; *Meeks* Compl. ¶ 113; *Haid* Compl. ¶ 55; *Hays* Compl. ¶ 74; *Saffo* Compl. ¶ 125; *Nardi* Compl. ¶ 121; *Young* Compl. ¶ 63; *Gear* Compl. ¶ 30; *Krefting* Compl. ¶ 73; *Lamb* ¶ 39.

Certain plaintiffs also propose certification of particular state-level subclasses. *See, e.g.*, *Dusterhoft* Compl. ¶ 75 (Minnesota); *Nardi* Compl. ¶ 121 (Wisconsin); *Young* Compl. ¶ 64 (Maine); *Gear* Compl. ¶ 30 (Wisconsin); *Krefting* Compl. ¶ 73 (Washington).

## LEGAL STANDARD

Rule 42 of the Federal Rules of Civil Procedure authorizes a court to consolidate actions before it if they involve "a common question of law or fact." *See* Fed. R. Civ. P. 42. The decision whether to consolidate is a matter of discretion vested in the district courts, and the Seventh Circuit has held that district courts have "a broad discretion" to consolidate cases. *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945) (noting that Fed. R. Civ. P. 42(a) "was designed and intended to encourage … consolidation where possible."); *see also Hall v. Hall*, 138 S.Ct. 1118, 1131 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."). "'[C]onsolidation of cases is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" *Id.* at 1127 (quoting *Johnson v. Manhattan R. Co.*, 53 S. Ct. 712, 721 (1933)).

## ARGUMENT

Consolidation is appropriate here because the Actions are substantively identical with respect to the underlying factual issues, raise identical or very similar legal questions, and are in the same stage of litigation. Each action: 1) is brought against the same defendant, "OneTouchPoint"[1]; 2) is brought as a putative class action seeking to certify the same nationwide class of individuals; 3) alleges the same core legal claims for negligence, negligence

---

[1] Although the nominal defendants vary slightly, all complaints refer to the same data breach incident on or around April 28, 2022, and identify the defendant's principal place of business as located on Walnut Ridge Drive in Hartland, Wisconsin.

per se, and invasion of privacy, and several other similar causes of action sounding in negligence, breaches of contract, confidence, and fiduciary duty, or related statutory claims; and 4) arises out of the same occurrence that inflicted the same alleged injuries on the plaintiffs, namely an injurious exposure of personally identifiable information as a result of a unauthorized third-party access of OTP's system on or around April 28, 2022.

In numerous prior instances, litigation stemming from data-breach events have proceeded in consolidated actions, either through a Multidistrict Litigation ("MDL") procedure or upon motion of the parties whose actions were pending in the same district. For example, after a breach involving the retailer Target Corp., numerous cases brought by both individual customers and financial institutions were centralized pursuant to 28 U.S.C. § 1407 in an MDL by the Judicial Panel on Multidistrict Litigation ("JPML"), after it found that the cases involved common questions of fact and law, and that centralization would serve the convenience of the parties, would promote the just and efficient conduct of the litigation, would prevent duplicative discovery, would avoid inconsistent pretrial rulings, and would conserve the resources of the parties, counsel, and the judiciary. *See In re Target Corp. Customer Data Security Breach Litig.*, 11 F. Supp. 3d 1338 (J.P.M.L. 2014). Upon receiving the transfer order, the Minnesota district court ordered the cases consolidated for pretrial purposes. *See In re Target Corp. Customer Data Security Breach Litig.*, Pretrial Order No. 1 at p. 1, 14-md-2522, ECF No. 4 (D. Minn. April 14, 2014).

The JPML also centralized all cases involving a data breach at The Home Depot. *See In re The Home Depot, Inc. Customer Data Security Breach Litig.*, 65 F. Supp. 3d 1398 (J.P.M.L. 2014). Like the *Target* court, the transferee district court in *Home Depot* consolidated the actions before it and directed the filing of consolidated complaints in two tracks, one for cases

filed by consumer plaintiffs, and one for cases filed by financial institution plaintiffs. *See In re The Home Depot, Inc. Customer Data Security Breach Litig.*, Case Management Order No. 2, at pp. 1–2, No. 1:14-md-2583, ECF No. 36 (N.D. Ga. Jan. 16, 2015).

In a third set of cases, involving a data breach at Kmart, the JPML declined to order centralization, finding that the five pending cases at issue were too few to warrant the creation of an MDL. *See In re Kmart Corp. Customer Data Security Breach Litig.*, 109 F.Supp.3d 1368 (J.P.M.L. 2015). However, the JPML encouraged the parties and courts involved to work cooperatively to utilize other available options transfer and consolidation of all actions before one court to avoid duplicative discovery and inconsistent pretrial rulings. *Id.* at 1369. The actions at issue in *In re Kmart* ultimately were consolidated in the Northern District of Illinois. *See generally* Consol. Am. Compl., *Greater Chautauqua Federal Credit Union v. Kmart Corp. et al.*, 1:15-cv-02228, ECF No. 44 (N.D. Ill.).

Similarly, a Pennsylvania district court implemented Rule 42(a)(2) to consolidate five actions filed against The Wendy's Company arising out of a data breach. *See* Order of July 12, 2016, *First Choice Federal Credit Union v. The Wendy's Co., et al.*, 2:16-cv-506, ECF No. 20 (W.D. Pa. July 12, 2016).

This Court should exercise its discretion under Fed. R. Civ. P. 42 and consolidate the eleven actions listed above for pretrial purposes. As mentioned, the cases arise from the same occurrence, bring the same and similar claims, and involve same overlapping proposed national classes and same defendant. The Actions are recently-filed and none has progressed significantly further than the other. Thus, consolidation at this time is ideal and will provide the Court and the parties the greatest opportunities and flexibility to achieve efficiency and eliminate duplicative proceedings.

Prior to filing this motion, counsel for Plaintiff Dusterhoft conferred with plaintiffs' counsel in ten of the eleven filed cases and counsel for Defendant OTP. Counsel for *Luca*, *Guertin*, *Meeks, Haid*, *Hays, Saffo*, *Nardi*, *Young*, *Gear*, and *Krefting* consent to this motion.[2] Counsel for Defendant OTP does not oppose consolidation of the Actions.

## **CONCLUSION**

For the reasons above, Plaintiff Dusterhoft respectfully requests that the Court consolidate this action for pretrial purposes with *Luca*, *Guertin*, *Meeks*, *Haid*, *Hays*, *Saffo*, *Nardi*, *Young*, *Gear*, *Krefting*, and *Lamb* and order that any future-filed cases in this District arising out of the same facts shall also be consolidated. Plaintiff proposes that the Court administratively close the other Actions and designate *Dusterhoft*, the lower-numbered case, as the master docket number for the consolidated proceedings.

Dated: September 21, 2022    Respectfully submitted,

                                          */s/ Gary M. Klinger*
                                          Gary M. Klinger (*Pro Hac Vice*)
                                          **MILBERG COLEMAN BRYSON**
                                          **PHILLIPS GROSSMAN, PLLC**
                                          227 W. Monroe Street, Suite 2100
                                          Chicago, IL 60606
                                          Telephone: (202) 429-2290
                                          gklinger@milberg.com

                                          *Counsel for Plaintiff Richard Dusterhoft*

---

[2] As of the filing of this Motion, Plaintiff Dusterhoft's counsel is unaware of the position of Plaintiff Crystal Lamb's counsel with respect to consolidation.